NO. 07-07-0157-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D                                             

 

                                                                  JUNE
8, 2010

 

                                            ______________________________

 

 

                                            CARL ALLEN CARTER, APPELLANT

 

                                                                            V.

 

                                             THE
STATE OF TEXAS, APPELLEE

 

                                         _________________________________

 

                       FROM
THE 31ST DISTRICT COURT OF WHEELER COUNTY; 

 

                            NO.
4063; HONORABLE STEVEN R. EMMERT, JUDGE

 

                                           _______________________________

 

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 

 

 

                                         MEMORANDUM OPINION ON REMAND

            Appellant, Carl Allen Carter, was convicted by a jury of possession of a
controlled substance with intent to deliver in violation of section 481.112 of
the Texas Health and Safety Code.  He was
sentenced to twenty-five years confinement and fined $25,000.  Disagreeing with this Court's analysis of the
arresting officer's "question first, warn later" interrogation
technique, the Texas Court of Criminal Appeals remanded the case to this Court
in order that we might address Appellant's sole remaining issue: factual
sufficiency of the evidence.  Carter v. State, 2010 Tex.Crim.App.
LEXIS 101, at 31(Tex.Crim.App. Mar. 24, 2010).

            The standards by which we review the sufficiency of the
evidence are set forth in Jackson v. Virginia, 443 U.S. 307, 33
S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404
(Tex. Crim. App. 2006).  We refer the
parties to these cases for explanation.  

            By his seventh point of error,
Appellant contends the evidence would be
factually insufficient if his first six points of error were sustained and the
evidence against him was suppressed. 
However, each of those issues has now been overruled by either the Court
of Criminal Appeals or this Court, and all of the evidence which he sought to
suppress has now been ruled to be admissible. 
That evidence includes evidence wherein Appellant
confessed that (1) the substance found in his vehicle consisted of eighteen
ounces of cocaine; (2) which belonged to both him and the sole other occupant
of the vehicle; (3) that they had paid $8,000 for the drugs; and (4) they
expected to turn a big profit selling it. 


            Under these circumstances, we cannot
say that the great weight and preponderance of the evidence contradicts the
jury's verdict.  Considering all the evidence in a
neutral light, the jury was rationally justified in finding Appellant guilty
beyond a reasonable doubt.  Appellant's
seventh and final point of error is overruled.

Conclusion

            The judgment of the trial court is
affirmed.

 

            

                                                                                                Patrick A. Pirtle

                                                                                                      Justice

 

Do
not publish.






hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 font-family:"Calibri","sans-serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0073.CR%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0073.CR%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0073.CR%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0073.CR%20opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0073.CR%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NO. 07-10-00073-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
19, 2011

 



 

TEDRICK WATTERS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. A17719-0808; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Tedrick
Watters appeals the revocation of his community supervision.  His court-appointed appellate counsel has
filed a motion to withdraw and an Anders[1]
brief.  We will grant counsel’s motion to
withdraw and affirm the judgment of the trial court.

            By
information[2]
filed August 8, 2008, appellant was charged with aggravated assault, causing
serious bodily injury.[3]  He plead guilty to
the charge and stipulated to supporting evidence of guilt.  The trial court accepted his plea, adjudged
him guilty, and sentenced him to nine years confinement suspended in favor of
ten years community supervision.  The
court also assessed a fine, costs, and attorney’s fees.

            On
January 10, 2010, the State filed a motion to revoke appellant’s community
supervision. The motion alleged multiple violations of the terms of appellant’s
community supervision order including testing positive for marijuana, failing
to report to the community supervision office as ordered, failing to abide by
the ordered curfew, failing to remain current in payment of ordered
restitution, fees, and costs, failing to complete community service hours for
sixteen months, failing to report two arrests to the community supervision
officer within twenty-four hours, and failing to take a G.E.D. test within one
year.

            At
the February 12, 2010, revocation hearing, after his plea of “not true” to all
but one of the violations alleged, appellant’s community supervision officer
testified.[4]
She presented some evidence of each violation being heard, although she
testified appellant failed to complete community service hours for fifteen
months rather than the sixteen months alleged. 
On cross-examination, the officer agreed appellant had not admitted use
of marijuana, participation in some community service hours was disputed,
appellant was jailed on the date of one required community supervision
appointment, and subsequent incarceration by appellant accounted for some of
his missed payments.  Appellant
testified.  He explained a majority of
community service appointments were missed because he was drinking.  He used alcohol and marijuana to the point of
losing consciousness.  According to appellant,
other than times of incarceration, he used marijuana and alcohol daily.  At the conclusion of the hearing, the court
found appellant violated the terms of his community supervision order and
imposed the original sentence.  Appellant
timely appealed the revocation of community supervision. 

            Appellant’s
appointed appellate counsel has filed a motion to withdraw supported by an Anders brief.  In counsel’s opinion, nothing in the record
establishes reversible error and the appeal is frivolous.  The brief discusses the case background, the
grounds alleged for revocation, and the evidence presented at the hearing.  The brief cites applicable law.  Applying the law to the facts counsel
concludes the trial court did not abuse its discretion by revoking appellant’s
community supervision and imposing the original sentence.  Correspondence from counsel to appellant
indicates counsel supplied appellant a copy of the Anders brief and counsel’s motion to withdraw.  The correspondence also points out the right
of appellant to review the record and file a pro se response and his right to file a pro se petition for discretionary review in the Court of Criminal
Appeals should he receive an adverse decision by this court.  By letter, this court also notified appellant
of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel.  Appellant did not file a response.

In conformity with the standards set
out by the United States Supreme Court, we do not rule on the motion to withdraw
until we have independently examined the record.  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.--San
Antonio 1997, no pet.).  If this court
determines the appeal arguably has merit, we will remand it to the trial court
for appointment of new counsel.  Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).  We have reviewed the entire record to
determine whether there are any arguable grounds which might support an appeal.
See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300
(1988); Bledsoe v. State, 178 S.W.3d
824 (Tex.Crim.App. 2005).  We have found no arguable grounds supporting
a claim of reversible error, and agree with counsel that the appeal is
frivolous.

Accordingly, we grant counsel’s
motion to withdraw[5]
and affirm the judgment of the trial court. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.

 

 











[1] Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967); see In re Schulman,
252 S.W.3d 403 (Tex.Crim.App. 2008).





[2] Appellant executed a waiver of the right to
prosecution by indictment.

 





[3] See Tex.
Penal Code Ann. § 22.02(a)(1) (West Supp. 2010).  Aggravated assault is a second degree felony
with a punishment range of two to twenty years and may include a fine not to
exceed $10,000.  See Tex. Penal Code Ann. § 22.02(b) (West Supp. 2010), § 12.33
(West Supp. 2010).

 





[4]  Before the
hearing began, the State abandoned an allegation that appellant violated a term
of community supervision requiring he commit no new offense. 





[5] Counsel shall, within five days after the opinion is
handed down, send his client a copy of the opinion and judgment, along with notification
of the defendant’s right to file a pro se
petition for discretionary review.  Tex.
R. App. P. 48.4.